Commonwealth v. Baker.

COMMONWEALTH *vs.* AUGUSTUS BAKER.

A complaint under the Rev. Sts. *c.* 47, § 2, alleged that B., " not being first duly licensed, according to law, as an innholder, and without any authority or license therefor duly obtained, according to law, to sell intoxicating liquor," did sell intoxicating liquor to M., to be used in B.'s dwelling-house.  It appeared in evidence, that B. was duly licensed as an innholder, but without authority to sell intoxicating liquor.  *Held*, that the allegation that B. was not licensed as an innholder, should be rejected as surplusage, and that he was rightly found guilty on proof of the other allegations in the complaint.

THE defendant was convicted before a justice of the peace, on a complaint against him for selling intoxicating liquor, and thereupon appealed to the court of common pleas.   The complaint was thus : " That Augustus Baker, of Medford," &c., " on the first day of December, in the year eighteen hundred and fifty-one, at Medford aforesaid, [he not being then and there first duly licensed according to law, as an innholder or common

victualler, and] without any authority or license therefor duly had and obtained, according to law, to sell intoxicating liquor for medicinal, mechanical, or any other purpose whatsoever, did then and there sell to one William Metcalf, a certain quantity, to wit, one gill of intoxicating liquor, to be used in and about his, the said Baker's dwelling-house, the place and building actually used and occupied by him as a dwelling-house in said Medford, against the peace," &c.

At the trial in the court of common pleas, the defendant gave evidence, that when the act set forth in the complaint was committed, he was duly licensed as an innholder, without authority to sell intoxicating liquor in the house where the act was alleged to have been committed ; and he contended, that this was a variance. But the court ruled that, notwithstanding this evidence, the defendant might be convicted, if all the other allegations in the complaint were proved.

The jury found the defendant guilty, and he alleged exceptions to said ruling.

*C. R. Train & J. P. Converse*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

METCALF, J. The court are of opinion that the averment in the complaint, that the defendant was not licensed as an innholder or common victualler, may be rejected as surplusage, and that proof of the other averments in the complaint warranted his conviction, under the Rev. Sts. *c*. 47, § 2. The authorities are full and clear to this effect. 1 Chit. Crim. Law, 295, and *seq.; Commonwealth* v. *Stowell*, 9 Met. 569. In the case of *Commonwealth* v. *Pray*, 13 Pick. 359, all the particulars of the charge were rejected ; the general charge that preceded them being sufficient. And in *Commonwealth* v. *Bryden*, 9 Met. 137, the general charge was rejected, the particular charge that followed it being sufficient. The case of *Commonwealth* v. *Thayer*, 5 Met. 246, was relied on by the defendant's counsel. In that case, the indictment alleged that the defendant, " without being duly licensed as an innholder," did sell brandy to be used in his dwelling-house. The proof was, that the defendant was licensed as a taverner, with authority to sell wine, &c., but not to sell spirituous

liquor; and it was held, that the indictment was not supported. But there was not, in that indictment, as there is in the complaint in this case, the further allegation that the defendant sold the liquor " without any authority or license therefor." Such further allegation would have saved that indictment. See *Commonwealth v. Thayer*, 8 Met. 523.

*Exceptions overruled.*